UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00075-R

ROBBIN HINES                                                                    PLAINTIFF

v.

STEVE HILAND, MD, and
JOHN DOES 1-30                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant's Motion for Summary Judgment (DN 23-2; DN 23-3). Plaintiff has responded (DN 26) and Defendants have indicated to the Court that they will not reply. This motion is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

Concurrently with this motion, Plaintiff has petitioned for an extension of time (DN 29) or in the alternative, for the Court to hold this action in abeyance or appoint counsel for him (DN 27). After careful consideration, these requests are DENIED.

**BACKGROUND**

Plaintiff Robbin Hines, *pro se*, is a prisoner currently incarcerated at Kentucky State Reformatory in LaGrange, Kentucky. He claims that while previously incarcerated in Western Kentucky Correctional Complex ("WKCC"), he received grossly inadequate medical treatment from Defendant Steve Hiland, a doctor working at the facility.[1] Specifically, Hines states that

---

[1] Only in Hines's Amended Complaint does he include the "John Does" as defendants. DN 8 at 1. However, in reviewing this document, Hines fails to allege that any individual acted during his medical treatment besides Hiland. As such, the Court will review this motion without regard to these unidentified parties.

1

during his stay in WKCC, he sought treatment from Hiland, complaining of neck and back pain. Allegedly, Hiland refused to diagnose or treat Hines up until his transfer from the facility on May 14, 2007. After WKCC, Hines was sent to Little Sandy Correctional Complex, where he received an MRI from different medical staff who discovered that he was suffering from a variety of degenerative back and neck conditions. On May 4, 2009, Hines brought this action against Hiland alleging a variety of federal and state-law causes of action. For the federal-law theories, Hines pursues violations of his Eighth Amendment rights under 42 U.S.C. § 1983 for the improper non-treatment and the injuries he sustained from his inaction.[2] Under Kentucky law, Hines alleges the torts of fraud, outrage, and negligent medical care.

Hiland now moves for summary judgement on two bases. First, Hiland says that Hines's claim for negligent medical care must fail as its is unsupported by expert testimony. Next, he declares that the statute of limitations has run on the majority Hines' claims.

**SUMMARY JUDGMENT**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v.*

---

[2] Hines make a claim under the Fourteenth Amendment for Hiland's denial of medical treatment, however this claim is redundant to his Eighth Amendment claim. *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 850-51 (N.D. Ohio 2007). Since both are analyzed under the same standard, *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008), the Court shall simply fold the two together and consider both as a claim for deliberately indifferent medical care.

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### I. Negligent Medical Care

Although asserting negligent medical care by Hiland, Hines has not provided any evidence in support of this allegation beyond his pleadings and the current motions on the record. Claims of negligent medical care fall under state law and Kentucky law requires that "[n]egligence in medical malpractice cases must be established by expert testimony unless negligence and injurious results are so apparent that a layman with general knowledge would have no difficulty recognizing it." *Morris v. Hoffman*, 551 S.W.2d 8, 9 (Ky. Ct. App. 1977) (citing *Johnson v. Vaughn*, 370 S.W.2d 591 (Ky. 1963)). For success at trial, Hines needs to prove that Hiland failed to exercise the degree of care and skill reasonably expected of a reasonably competent physician acting under similar circumstances and that such failure was a

3

substantial factor in causing his injuries. With such complex liability and causation issues, there is little question that Hines's allegations do not fall into the laymen's exception; thus, without expert testimony supporting his position, his claims of negligent medical treatment must fail. As Hines has yet to provide supporting expert testimony or pertinent affidavits, dismissal of this claim is proper.

## **II. Eighth Amendment**

Under 42 U.S.C. § 1983, Congress did not seek to set out substantive rights, but instead provide a vehicle through which individuals could rectify deprivations of previously established rights. The section has two requirements: "(1) state action that (2) deprived an individual of federal statutory or constitutional rights." *Flint v. Ky. Dept. of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citations omitted). Thus, Hines must show that Hiland acted under state law to deny him the rights he is owed under the Eighth Amendment.

Section 413.140 of Kentucky's code imposes a one-year statute of limitation on a variety of state causes of action. The Sixth Circuit has held that cases under § 1983 for personal injury must also be filed within one year pursuant to § 413.140(1)(a). *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). Accordingly, Hines's claims for violations of his Eighth Amendment rights carry a one-year expiration date.

While the exact time period is decided under Kentucky law, determining when the proverbial clock begins to tick on Hines's claim for deliberately indifferent medical treatment is governed under federal standards. *See Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). According to the Sixth Circuit, the statute of limitations for prisoner-initiated §1983 actions does not begin to toll until his or her state remedies have been exhausted. *Waters v. Evans*, 105 F.

4

App'x 827, 829 (6th Cir. 2004) (citing *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999)). Federal courts also adopt the burden of proof standards for specific states in which they sit for statute of limitations issues under § 1983. *See Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536-37 (6th Cir. 2010); *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007); *Swietlowich v. Bucks Cnty.*, 610 F.2d 1157, 1161-62 (3d Cir. 1979). Under Kentucky law, the burden of proof when asserting an affirmative defense, like the statute of limitations, is on the party who raises it. *Miles v. Marion Cnty. Bd. of Educ.*, No. 2005-CA-000480-WC, 2005 WL 2174398, at *2 (Ky. Ct. App. Sept. 9, 2005) (citing *Lizdo v. Gentec Equip.*, 74 S.W.3d 703, 705 (Ky. 2002)).

Although the record indicates that Hines was transferred from out of Hiland's care on May 14, 2007, and filed his lawsuit on May 4, 2009, neither party makes mention of whether Hines ever proceeded with his administrative remedies or when they were exhausted. As such, the Court cannot make an informed finding on whether Hines's claim under §1983 is barred by the statute of limitations. As the Defendants do not extrapolate on other objections to this particular claim, its dismissal via the statute of limitations is improper.

### III. Outrage and Fraud

Finally, Hines brings claims for outrage[3] and fraud. Hiland does not discuss these causes of action in this summary judgment motion. Although a district court may review claims under a summary judgment standard *sua sponte*, the Court will not take such steps in the instant matter. Absent an argument in support, summary judgment is denied for these claims as well.

---

[3] Although Hines declares that Hiland is liable for both intentional infliction of emotional distress and outrage, under Kentucky law, these two causes of action are one and the same. *Brewer v. Hillard*, 15 S.W.3d 1, 6 (Ky. Ct. App. 1999).

5

**EXTENSION OF TIME, HOLD CASE IN ABEYANCE, APPOINT COUNSEL**

Hines also requests that this matter be held in abeyance or the Court grant an extension until August of 2011, when he is scheduled to leave prison. DN 27; DN 29. He also requests that the Court appoint him counsel if it chooses to deny these motions. DN 27. Given the below-described decision to allow further briefing of the issues, these requests are denied for the time being, but may be revisited by Hines in his response to Defendants' forthcoming motion. The Court also rejects his request to appoint him legal representation in this matter. Hines does not possess a constitutional right to access to counsel in civil litigation, *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993), and the Court declines to use its discretion in appointing him an attorney in this matter. *See* 28 U .S.C. § 1915(e)(1).

**CONCLUSION**

For the foregoing reasons IT IS HEREBY ORDERED that:

(1) Defendants' Motion for Summary Judgment (DN 23-2) is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims for negligence medical care are DISMISSED. Plaintiff's other claims will continue;

(2) Plaintiff's Motions for an Extension, to Hold this Action in Abeyance, and to Appoint Counsel, (DN 27; DN 29) are DENIED;

(3) Defendants shall have two (2) weeks from this order's issuance to file any supplemental briefs for summary judgment. Following this supplemental motion, Plaintiff shall have three (3) weeks to respond, and Defendants shall be permitted one (1) week to file a reply with the Court. The Court will schedule a final pretrial conference as well as a trial by jury for this matter following its decision on this supplemental motion

for summary judgment, if necessary.