UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00075-R

ROBBIN HINES                                                                                           PLAINTIFF

v.

STEVE HILAND, MD, and
JOHN DOES 1-30                                                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Supplemental Memorandum in Support for Summary Judgment (DN 34). The Court will construe this as a Supplemental Motion for Summary Judgment. Plaintiff has responded (DN 39). This motion is now ripe for adjudication. For the reasons that follow, Defendants' motion is GRANTED.

Plaintiff has also filed two motions to amend his initial pleadings to include a number of other defendants and increase the sum of his alleged damages (DN 37, DN 38). These motions are DENIED as moot.

## BACKGROUND

Plaintiff Robbin Hines, *pro se*, is a prisoner currently incarcerated at Kentucky State Reformatory in LaGrange, Kentucky. He claims that while previously incarcerated in Western Kentucky Correctional Complex ("WKCC"), he received grossly inadequate medical treatment from Defendant Steve Hiland, a doctor working at the facility.[1] Specifically, Hines states that

---

[1] Only in Hines's Amended Complaint does he include the "John Does" as defendants. DN 8 at 1. However, in reviewing this document, Hines fails to allege that any individual acted during his medical treatment besides Hiland. As such, the Court will review this motion without regard to these unidentified parties.

1

during his stay in WKCC, he sought treatment from Hiland, complaining of neck and back pain. Allegedly, Hiland refused to diagnose or treat Hines up until his transfer from the facility on May 14, 2007. Hines was then sent to Little Sandy Correctional Complex, where he received an MRI from different medical staff who discovered that he was suffering from a variety of degenerative back and neck conditions. On May 4, 2009, Hines brought this action against Hiland stating federal and state-law causes of action. Specifically, Hines pursued violations of his Eighth Amendment rights under 42 U.S.C. § 1983 for the improper non-treatment and the injuries he sustained from Hines's inaction.[2] Under Kentucky law, Hines alleged the torts of fraud, outrage, and negligent medical care.

On January 19, 2011, Hiland moved for summary judgement, stating that the totality of Hines's allegations was improper because he had failed to abide by the relevant statute of limitations. DN 25. In the alternative, Hiland charged that the claim for negligent medical care should be dismissed because Hines had not provided supportive expert testimony. *Id*. The Court declined to grant summary judgment on the entire matter, but did dismiss the negligent medical care claim. DN 32. It then requested that the parties submit additional briefing on summary judgment for the remaining theories of recovery. *Id*. This motion has followed.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

---

[2] Hines makes a claim under the Fourteenth Amendment for Hiland's denial of medical treatment, however this claim is redundant to his Eighth Amendment claim. *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 850-51 (N.D. Ohio 2007). Since both are analyzed under the same standard, *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008), the Court shall simply fold the two together and consider both as a claim for deliberately indifferent medical care.

2

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Deliberately Indifferent Medical Care

Under 42 U.S.C. § 1983, Congress did not seek to set out substantive rights, but instead provide a vehicle through which individuals could rectify deprivations of previously established rights. The section has two requirements: "(1) state action that (2) deprived an individual of federal statutory or constitutional rights." *Flint v. Ky. Dept. of Corr.*, 270 F.3d 340, 351 (6th Cir.

3

2001) (citations omitted). Thus, Hines must show that Hiland acted under state law to deny him the rights he is owed under the Eighth Amendment.

The Sixth Circuit has consistently held that for a prisoner "[t]o establish an Eighth Amendment violation, the plaintiff must show that the defendant acted with deliberate indifference to his basic needs." *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). In *Jones v. Muskegon Cnty*, the court of appeals described the framework necessary for a prisoner to prove a medical claim under the Eighth Amendment:

> A Section 1983 claim asserting a constitutional violation for denial of medical care has objective and subjective components. The objective component requires the existence of a sufficiently serious medical need. Such a medical need has been defined as one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective element requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care.

*Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotation marks and citations omitted). Precedent also distinguishes between violations under the Eighth Amendment for deliberate indifference and situations where a prisoner has been the recipient of inadequate medical treatment. This circuit has cautioned that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Given the sparse evidentiary record in this matter, the Court is left to review the facts as recounted in Hines's amended complaint and his response to this renewed motion for summary judgment. DN 8; DN 39. For deliberate indifference Hines has alleged the following: (1) he went to Hiland complaining of neck and back problems numerous times; (2) Hiland refused both

4

to send him to a specialist and to take x-rays of his neck and back; (3) Hiland ordered the other medical staff at WKCC to not treat him because Hiland believed he was malingering; and (4) after he was transferred to another facility, the medical staff there sent him to an outside specialist who recommended he have surgery. DN 26 at 7; DN 39 at 1-3. Hines has attached a number of documents to this response that ostensibly illustrate the tortious action of Hiland. While many detail his treatment following the transfer from WKCC, one is a grievance form filled out by Hiland in advance of this litigation. DN 39-6 at 1. In it, Hiland writes that he saw Hines on eleven different occasions, prescribed flexeril and naprosyn for his back spasms, and ordered two laboratory panels in March of 2007. *Id*. Despite these procedures, Hiland opined that he could find nothing wrong with Hines and diagnosed him as malingering. *Id*. Hines does not contend in his response that this description of Hiland's treatment is inaccurate.

Reviewing the facts in the light most favorable to Hines does not reveal a story of incompetent or callous medical professionals. Instead, the record indicates that within a span of less than two months, Hines was examined eleven times by Hiland, given two types of medication for his pain, and transferred to the infirmary for further evaluation of his alleged injuries. Though Hines may not have received the type of treatment he desires, precedent is unambiguous that under the Eighth Amendment, difference of opinion between the patient and healthcare professionals does not give rise to a constitutional claim. *See Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983); *Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 666 (E.D. Ky. 2002). Judging from these facts, this circuit's precedent prohibits this action from continuing on to a jury.

Even accepting Hines's proposition that there was an unreasonable or improper delay in

5

his medical care, he has not met the evidentiary threshold to defeat this motion for summary judgment. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Hines has failed to put any proof into the record establishing Hiland's refusal to refer him to a specialist exacerbated his injury. Rather, Hines appears to rest the entirety of his arguments on the mere temporal proximity between Hiland's diagnosis of malingering, his transfer to another facility, and his subsequent corrective surgery. Since this does not constitute "verifying medical evidence" as required by *Napier*, the Court finds the facts insufficient for a violation of the Eighth Amendment.

## II. Outrage

In confronting Hines's claim of outrage, the Court finds that Kentucky's strict interpretation of this cause of action will bar his attempts to recover under this theory.[3] A prima facie case of outrage requires that a plaintiff show: (1) that the wrongdoer's conduct was intentional or reckless; (2) that the conduct was outrageous and intolerable and offends against the generally accepted standards of decency and morality; (3) a causal connection between the wrongdoer's conduct and the emotional distress; and (4) that the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz,* 796 S.W.2d 1, 2-3 (Ky. 1990)). The Court must determine "whether the defendant's

---

[3] Although Hines declares that Hiland is liable for both intentional infliction of emotional distress and outrage, under Kentucky law, these two causes of action are one and the same. *Brewer v. Hillard*, 15 S.W.3d 1, 6 (Ky. Ct. App. 1999).

conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* at 788-89 (citing Restatement (Second) of Torts § 46(1) cmt. h (1965)).

Kentucky courts have "set a high threshold for outrage claims," *Stringer*, 151 S.W.3d at 791, and in Kentucky, "a claim for the tort of outrage requires the plaintiff to prove conduct which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Seitz*, 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46(1) cmt. d (1965)). For example, Kentucky courts have found nothing to support a claim of outrage where the defendant:

> (1) refused to pay medical expenses arising out of an injured worker's compensation claim; (2) wrongfully converted the plaintiff's property in a manner that breached the peace; (3) negligently allowed his vehicle to leave the road and struck and killed a child; (4) committed "reprehensible" fraud during divorce proceedings by converting funds belonging to his spouse for the benefit of defendant and his adulterous partner; (5) wrongfully terminated the plaintiff; (6) displayed a lack of compassion, patience, and taste by ordering plaintiff, who was hysterical over the fact that she had just delivered a stillborn child in her hospital room, to "shut up" and then informing her that the stillborn child would be "disposed of in the hospital"; (7) erected a billboard referencing defendant's status as a convicted child molester; (8) wrongfully garnished plaintiff's wages pursuant to a forged agreement; and (9) impregnated plaintiff's wife.

*Stringer*, 151 S.W.3d at 790-91 (internal citations omitted).

"It is for the court to decide whether the conduct complained of can reasonably be regarded to be so extreme and outrageous as to permit recovery." *Goebel v. Arnett*, 259 S.W.3d 489, 493 (Ky. Ct. App. 2007) (citing *Whittington v. Whittington*, 766 S.W.2d 73 (Ky. Ct. App. 1989)). The Court looks to "'the conduct of the offender rather than the subject of the conduct . . . .'" *Stringer*, 151 S.W.3d at 788 (quoting *Burgess v. Taylor*, 44 S.W.3d 806, 809 (Ky. Ct. App. 2001)).

Here, the record is devoid of evidence indicating that Hiland's non-treatment of Hines was so outrageous or indecent as to implicate this tort. The medical records show that Hiland did in fact treat Hines, although he was unable to discover the infirmity of which he was complaining. DN 26-1 at 1. Taking the facts in the most favorable light to Hines and assuming that Hiland provided inadequate medical care, an improper diagnosis can scarcely be held as extreme or outrageous conduct, especially in light of *Stringer*'s high standard. Moreover, Hines focuses exclusively on his physical health, failing to mention how Hiland's mistreatment led to his emotional distress. Accordingly, summary judgment as to this claim is appropriate.

### **III. Fraud**

With Hines's claim for fraud, Kentucky law mandates that a plaintiff must establish the following elements by clear and convincing evidence: (1) material representation, (2) which is false, (3) known to be false or made recklessly, (4) made with inducement to be acted upon, (5) acted in reliance thereon and (6) causing injury. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. 1978)).

Damages for fraud claims are strictly pecuniary under Kentucky law. *Stahl v. St. Elizabeth Medical Center*, 948 S.W.2d 419, 423 (Ky. Ct. App. 1997) ("[O]ne seeking to recover on the basis of fraud must suffer an actual pecuniary loss." (quoting *Johnson v. Cormney*, 596 S.W.2d 23 (Ky. Ct. App. 1979))). Since Hines does not allege that Hiland's action has imposed some financial burden on him, this theory of recovery is legally barred. Even ignoring this precedent, there is no indication in the record that Hiland's allegedly incorrect diagnosis of his condition was known to be false or made recklessly. From what the Court can discern, there is

8

no evidence that Hiland acted with a conscious or reckless disregard for Hines's health. Consequently, there are no material facts that should proceed to trial under this claim.

**IV. Motions to Amend**

Hines has submitted two motions to amend his complaint, attempting to add two new defendants to this proceeding, Correct-Care Corporation ("Correct-Care") and Dr. Scott Haas. DN 37; DN 38. Notwithstanding the above-stated analysis finding that his remaining claims are legally flawed, the Court rejects Hines's belated attempts to incorporate these new parties. Hines has neither included an amended complaint nor spelled out in the motions with any particularity the libelous actions of these defendants. In fact, only two lines in each of the five-page motions are devoted to the new defendants and their behavior. It would be inappropriate to haul two new defendants into this action without a sounder evidentiary foundation.

In addition, from the brief passages in the motions it is clear that Hines hopes to hold Correct Care and Haas responsible for Hiland's allegedly improper treatment via respondeat superior. While federal law makes clear that "there is no respondeat superior liability under 42 U.S.C. § 1983," *Braswell v. Corrs. Corp. of Am.*, No. 09–6100, 2011 WL 1462937, at *7 (6th Cir. Apr. 15, 2011) (citations omitted), under Kentucky law intentional torts like outrage and fraud may not be asserted against a tortfeasor's employer or supervisor through respondeat superior. *See Patterson v. Blair*, 172 S.W.3d 361, 366-69 (Ky. 2005). Thus, even if the Court permitted Hines's to amend his complaint, the legal theories on which he proposes to rely are untethered from the relevant precedent.

**CONCLUSION**

For the aforementioned reasons, Defendant's Supplemental Motion for Summary

9

Judgment (DN 34) is GRANTED. Plaintiff's Motions to Amend (DN 37; DN 38) are DENIED AS MOOT. An appropriate order shall issue.